

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0474-19

**JAMES RAY PENDERGRAFT, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE TWELFTH COURT OF APPEALS SMITH COUNTY

**KELLER, P.J., delivered the opinion for a unanimous Court.**

Appellant's attorney filed an *Anders* brief.[1]  According to fact findings made by the trial court, Appellant informed that court that he could not read or write and that he needed a copy of the record to take back to his prison unit so that another inmate (a "writ writer") could prepare a *pro se* brief on his behalf.  The trial court ordered the district clerk to send an electronic copy of the record, via compact disc (CD), to Appellant at his unit by certified mail.  According to a letter from the Texas Department of Criminal Justice (TDCJ), forwarded to this Court by the Smith County

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

Criminal District Attorney's Office, TDCJ confiscated the CD under a policy that requires CDs or DVDs to be sent to the prison unit law library rather than directly to an inmate. This letter also states that Appellant "was permitted to make disposition of the CD by signing a release form to return the CD to the sender."

The court of appeals concluded that appellate counsel, in accordance with *Kelly v. State*,[2] "took concrete measures to facilitate Appellant's review of the appellate record."[3] We do not disagree with that assessment, but *Kelly* also assigns to the court of appeals "the ultimate responsibility to make sure that, one way or another . . . the appellant is granted access to the appellate record so that he may file his response . . . before it rules on the adequacy of the *Anders* brief and appointed counsel's motion to withdraw."[4] It appears to us that Appellant has not had access to the appellate record so as to afford him the ability to file a *pro se* response.

We vacate the judgment of the court of appeals and remand the case to that court for further proceedings consistent with this opinion.

Delivered: April 29, 2020

Do not publish

---

[2] 436 S.W.3d 313 (Tex. Crim. App. 2014).

[3] *Pendergraft v. State*, No. 12-18-00091-CR, slip op. at 2 n.3 (Tex. App.—Tyler April 17, 2019) (not designated for publication).

[4] *Kelly*, 436 S.W.3d at 315.